UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHYEDLIN K. AHMED, | 1:07-cv-1102 AWI WMW (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER |
| vs. | |
| KIM MENDOZA-POWERS, | OBJECTIONS, IF ANY, DUE IN 20 DAYS |
| Defendant. | |

Plaintiff is proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On January 12, 2009, the court issued an order requiring plaintiff to file an amended complaint. More than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's order.[1]

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v.

---

[1] The United States Postal Service returned the order on January 20, 2009 as undeliverable. A notation on the envelope indicates that mail is Undeliverable, Inmate Not at Avenal State Prison. However, plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 83-182(f).

-1-

1  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
2  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
3  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
4  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
5  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
6  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
7  failure to lack of prosecution and failure to comply with local rules).  In determining whether to
8  dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with
9  local rules, the court must consider several factors: (1) the public's interest in expeditious resolution
10 of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
11 the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
12 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at
13 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

14         In the instant case, the court finds that the public's interest in expeditiously resolving
15 this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case
16 has been pending since July 30, 2007.  The third factor, risk of prejudice to defendants, also weighs
17 in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
18 in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
19 factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the
20 factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to
21 obey the court's order will result in dismissal satisfies the "consideration of alternatives"
22 requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at
23 1424.  The court's order requiring plaintiff to file an amended complaint stated: "Failure to file an
24 amended complaint in accordance with this order will result in a recommendation that this action be
25 dismissed." Thus, plaintiff had adequate warning that dismissal would result from his noncompliance
26 with the court's order.

27         Accordingly, the court HEREBY RECOMMENDS that this action be dismissed
28 based on plaintiff's failure to obey the court's order of January 12, 2009.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 9, 2009                      /s/  William M. Wunderlich
                                            UNITED STATES MAGISTRATE JUDGE